No. 3151

**Second Circuit**

**GALT v. HERNDON**

(April 9, 1931. Opinion and Decree.)

Hardy & Hardy, of Shreveport, attorneys for plaintiff, appellee.

Herndon & Herndon, Cook & Cook, of Shreveport, attorneys for defendant, appellant.

STEPHENS, J. This is a suit by J. E. Galt against J. R. Herndon upon two promissory notes, each for the sum of $250, dated August 28, 1924, and due respectively November 10 and December 10, 1924. Defendant answered admitting the execution of the notes and alleging the failure of the consideration for which the notes were given and praying for a judgment for damages in the sum of $4,600.

It is conceded that the defense is, in effect, a redhibitory action coupled with a demand for damages. The redhibitory action is founded upon the allegations that certain cattle purchased from the plaintiff by the defendant were infected with a disease known as "conjunctivitis" or "pink eye" at the time of the sale, and that such dangerous and infectious disease rendered the animals purchased wholly unfit for the use for which they were intended. The damages which the defendant sues for are alleged to have resulted from the infection of other cattle owned by him at the time of the sale, due to the mingling of the cattle purchased with them.

The trial of the case resulted in a judgment in favor of the plaintiff and against the defendant as prayed for, and further rejecting the demands of the defendant in reconvention, from which said judgment the defendant appeals.

On the trial of the case, immediately after the introduction of the notes sued on, the plaintiff moved to strike out a portion of paragraph 2 of defendant's answer. The motion to strike out was overruled.

Counsel for defendant moved to amend his answer instanter. The counsel for the plaintiff objected to the amendment, and the court allowed the amendment subject to the objection.

The counsel for the plaintiff seeks to have this court review the ruling of the trial court in the two instances mentioned. The plaintiff having not appealed, nor answered the appeal of the defendant, is not in position to present these questions for review.

From a careful study of the record, we find that the pertinent facts developed on the trial of the case were: On August 28, 1924, the defendant purchased from the plaintiff some fourteen or fifteen head of dairy cattle. The defendant agreed to execute the notes herein sued on to evidence the purchase price. At the time of the sale, one of the cattle, and perhaps others, appeared to have an irritated or slightly inflamed or watery condition of the eyes, which was observed and commented upon by both buyer and seller. A day or two later, and after the delivery of the cattle to the defendant, the in-

flamed and watery condition of the eyes of the cattle was attributed by a veterinarian to "infectious conjunctivitis" or what is commonly known as "pink eye." The diseased cattle infected the dairy herd of the defendant and caused him considerable inconvenience and loss. The disease existed in the herd purchased at the time of the sale, but neither the plaintiff nor the defendant had knowledge of that fact. The notes sued on were executed and delivered to the plaintiff on September 8, 1924, at which time both the plaintiff and defendant had learned of the existence of the disease in the herd sold. On December 8, 1924, which was shortly prior to the time of the institution of this suit, the said cattle, together with others, were sold by the defendant.

It being conceded by both plaintiff and defendant that the answer of the defendant sets up a redhibitory action, coupled with a suit for damages, we will so treat it.

In order to maintain a redhibitory action the purchaser must offer to restore the seller to the situation which existed at the time of the sale. The defendant in this case did not tender the return of the cattle to the plaintiff, but on the contrary, before the institution of the suit, he sold the cattle to a third person thus making it impossible to restore the status quo. Ehrlich v. Roby Motors Co., 166 La. 557, 117 So. 590, 592; Henderson v. Leona Rice Milling Co., 160 La. 597, 107 So. 459; George v. Shreveport Cotton Oil Co., 114 La. 503, 38 So. 432.

Within a few days after the sale the defendant discovered the defect complained of. If he had intended to avail himself of the relief provided by the redhibitory action, he should have tendered the cattle to the seller and repudiated the sale as a nullity. What he actually did, more than ten days after the sale, with full knowledge of the existence of the disease in the herd, was to ratify the sale by giving the plaintiff the two notes herein sued on as evidence of the purchase price. The legal effect of which, we think, with reference to the rules governing redhibitory actions, was to place the defendant in the same situation as though the defect or vice was apparent at the time of the sale.

"Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices." Civ. Code, art. 2521.

Included in every redhibitory action there is an action for the reduction of the price, but we don't think the defendant is entitled to relief because of this principle of law.

The action quanti minoris, or for the reduction of the price, is subject to the same rules as the redhibitory action. Civ. Code, art. 2544. As the defendant may not recover in a redhibitory action because he ratified the sale after the defect or vice was known to him, he likewise may not recover in an action quanti minoris.

But even though recovery might be had in this case for a reduction of the price without regard to the question whether the defect or vice was apparent, the amount of the reduction to which the defendant would be entitled has not been shown with a reasonable certainty.

In Ehrlich v. Roby Motors Co., supra, the Supreme Court held as follows:

"In order to entitle one to a diminution of the price, he must not only show that the defect complained of existed at the time of the sale, but he must also show

with reasonable certainty facts disclosing the amount of the reduction to which he is entitled. Lowe and Pattison v. Nelson, Bradley & Co., 7 La. Ann. 646; Bonzano v. Auze, 10 La. Ann. 188."

Some effort was made to show that the cattle purchased which were · suffering ,with conjunctivitis were valueless, but it did not succeed, in view of the fact that it was shown that in most · instances, if the disease was treated properly in its early stages it could be cured within a week; and that it was only the exceptional case when blindness occurred; and that death rarely resulted in any case. The cattle undoubtedly had some value at the time of the sale, but we have no means of determining or accurately estimating that value from the record as made up.

The action for the damages herein sought to be recovered is founded on article 2545 of the Civil Code, which reads as follows:

"The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of the price and repayment of the expenses, is answerable to the buyer in damages."

We have found, as a fact, that the plaintiff had no knowledge at the time of the sale of the vice or defect in the thing sold. This is conceded by the counsel for the defendant in his brief as follows:

"In the light of the testimony, the Court will have no difficulty in finding that it is, clearly established that nobody knew that the cattle were infected with pink eye."

The defendant is therefore without right to recover damages in this case.

For the reasons assigned, we think the judgment appealed from is correct and should be affirmed with costs, and it is so ordered.