PONDER, Justice.
The plaintiffs brought suit against the defendants seeking the recission of the sale of a house that they had purchased from the defendants, and in the alternative for damages in an amount necessary to pay for the remedying of alleged defective terrazzo flooring, and for $5,000 in diminution of the purchase price.
In answer to the suit the defendants denied that there was any defect in the flooring and asked that the sub-contractor be called in warranty and made to stand in judgment in the event the defendants are held liable. Upon trial, the lower court rejected the demand for the recission of the sale and awarded plaintiffs damages in the amount of $3,750. The defendants’ call in warranty was denied. Defendants have appealed and the plaintiffs have answered the appeal, acquiescing in that part of the judgment rejecting their demand for re-cission of the sale, and ask for an increase of the judgment to the sum of $9,093, to cover the cost necessary to remedy the defective flooring in the amount of $4,093 and for $5,000 in diminution of the purchase price.
The defendants, who were contractors, were engaged in the business of constructing houses for sale and speculation. They sold a house to the plaintiffs for the sum of $43,000 with the following guarantee, viz.:
“Now, in addition to all warranties and guaranties imposed upon us by law, we hereby warrant and guarantee workmanship and material in the aforesaid dwelling to be good and sound and, in accordance with said warranty and guaranty, we obligate ourselves to correction of any defects in workmanship in said dwelling and the replacement of any material used therein which may be found to be defective, within one year from this date.”
The act of sale took place on March 7, 1955 and sometime in June of that year cracks appeared in the terrazzo flooring, which comprises one-third of the floor space in the house. It is the contention of plaintiffs that the cracks in the flooring are due to the fact that a three-quarter inch bonded method of installation was used and that this practice is not recommended or considered acceptable.
Defendants contend that the flooring is free of defects and vices of construction and while admitting the cracking, contend that this is to be expected in all terrazzo flooring due either to expansion, contraction, vibration or temperature changes. The defendants contend that the method of installation used is acceptable.
The plaintiffs produced expert testimony to the effect that the cracks in the terrazzo flooring resulted from the method of installation used which was not in accordance with the two acceptable methods recommended by the national association of terrazzo manufacturers.
It is apparent from the testimony that the defendants used a cheaper method in *3 the installation of this terrazzo which would necessarily reduce the cost of construction. The method used herein was what is called the three-quarter inch method “bonded to the slab” and the two methods recommended by the terrazzo manufacturers is tlie one and three-quarter inch method or the three indi, called Delturco, method of installation. Metal strips or dividers at three foot intervals to provide for expansion and contraction used in the installation in the two accepted methods were not used herein for the reason that they could not be used in the type construction found in the present case.
The evidence in this case not only shows that the cracks are unsightly but that the flooring is continuing to crack, in fact other cracks appeared between the time the suit was filed and the time it was tried. This is not only borne out by the testimony of the witnesses but by the observation of the trial judge who made a personal inspection of the premises.
As we take it, the cracks in the flooring are due to the type of installation used, which is an inferior method than that recommended by the flooring manufacturers. The evidence shows that the plaintiffs did not know what type of installation was used in the flooring and the expert appointed by the court checked the plans and specifications used to secure the permit to construct the building and testified to the effect that the house was not constructed in accordance with these plans and specifications. The plaintiffs were not furnished with any of the plans or specifications and were not informed as to the method of installation used in the construction of the terrazzo flooring.
The conclusion is inescapable that the defendants are liable for the damages occasioned by the defective flooring. The evidence shows that it would take the amount awarded by the trial judge to remove the flooring and replace it. However after the floor is replaced there is no assurance that it will not crack for the reason that the evidence shows that it is impossible to install terrazzo flooring in conformity with the recommendations of the national association of terrazzo manufacturers owing to the manner in which the building was constructed. Such being the case the plaintiffs are entitled to a diminution in price. The plaintiffs paid $43,000 for the house and one-third of the floor space being terrazzo, it would seem reasonable that the plaintiffs are entitled to $5,000 in diminution of the purchase price. We do not believe that the plaintiffs could ever resell the house for the price paid for it in view of the condition of the flooring even after it is replaced if a purchaser knew that this method of installation was used in the construction of the terrazzo flooring.
Insofar as the call in warranty is concerned, it appears from the evidence that the terrazzo sub-contractor installed the flooring under the direction of the defendants and that the defect is not due to the workmanship or any defects in the materials used but solely resulting from the method of installation chosen by the defendants. There is nothing in the record to show that tlie sub-contractor in any way. deviated from the specific instructions given to him by the defendants in how the floor was to be laid. The defendants, being contractors themselves, undoubtedly knew that this character of installation was not in accordance with accepted practices and that it was inferior to the proper method of installation.
The defendants contend that terrazzo flooring will crack at times no matter what method of construction is used. They produced an expert witness who testified to this effect to corroborate defendants’ testimony. However, the testimony of the experts produced by the plaintiffs and the expert appointed by the court is to the effect that flooring installed according to the two methods recommended by the national association of terrazzo manufacturers would not usually crack and that the method used herein is very susceptible to cracking.
For the reasons assigned, the judgment of the lower court is amended by increasing *4 the award to the plaintiffs to- the sum of $8,750 and, as thus amended, the judgment is affirmed at appellants’ cost.
SIMON, J., absent.
PER CURIAM.
It is contended in application for a rehearing filed by the defendants in this court, that we have awarded the plaintiff boht damages and diminution in price in-contravention of the jurisprudence and the law.
Although the amount awarded to plaintiff is computed partially in relation to the amount necessary to replace the damaged and defective terrazzo, it was not meant to he a judgment both for damages and diminution in price. This is an unusual case in that after the defective terrazzo is replaced the house will still not be of the value represented and hence the amount awarded is actually one for diminution in price. It is only that in arriving at this figure the court took into consideration the amount needed to replace the terrazzo.
The application for a rehearing is denied.