FRUGÉ, Judge.
Plaintiff brought this suit to avoid the sale of a 1958 Edsel convertible automobile and for the return of the purchase price paid therefor, alleging certain redhibitory vices as a cause of action. After trial on the merits the lower court rendered judgment rejecting plaintiff’s demands and dismissing his suit at his cost.
Article 2520 of LSA-C.C. defines redhibition to be the avoidance of a sale “on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.” Therefore, the main issue is whether or not the automobile exhibited such imperfections as to render its use so inconvenient that, had plaintiff known of them, he would not have bought the automobile. See Fisher v. City Sales and Service, La.App., 128 So.2d 790.
We have carefully read the record, and after a thorough consideration thereof, conclude that the trier of facts did not err in rejecting plaintiff’s demands. It would serve no useful purpose to extensively review the testimony adduced at the trial on the merits. Suffice it to say that plaintiff did not make out his case. This court has repeatedly said that the findings of fact of a trial judge will not be disturbed unless manifestly erroneous, and, when such error is manifest, it should be easy to point out, which appellant has not done in this case.
Plaintiff has not prayed for a reduction of the price, but merely for the rescission of the sale and the recovery of the price paid. However the action for the reduction of the price is included in the redhibi-tory action. LSA-C.C. Art. 2543 provides that in a redhibitory suit “the judge may decree merely a reduction of the price.” See Ehrlich v. Roby Motors Co., 166 La. 557, 117 So. 590; Galt v. Herndon, 16 La.App. 239, 133 So. 800, 801, 802. In Coco v. Mack Motor Truck Corp., 235 La. 1095, 106 So. 2d 691, 694, it was stated that:
“Forasmuch as a decree of quanti minoris is responsive to an action for redhibition, being expressly authorized by Art. 2543 of the Civil Code, it follows that in every redhibitory action the judge has the power and the duty, if he believes that the evidence establishes only a partial failure of consideration, to decree a quanti minoris.”
To be entitled to a diminution of price, one must show that the defect existed at the time of the sale and it must also be shown with reasonable certainty the amount of the reduction to which he is entitled. See Ehrlich v. Roby Motors Co., supra, and cases there cited. See also Galt v. Herndon, supra; McLachlan v. Cuny, La. App., 156 So. 76, 78, writs denied; Cleaners Equipment Corporation v. Weil Cleaners, La.App., 178 So. 771, 777; and Bayou Rapides Lumber Co. v. Davies, 221 La. 1099, 61 So.2d 885. In the case at bar the plaintiff has not shown with reasonable certainty facts that disclose that he is entitled to such relief. See Galt v. Herndon, supra.
For the foregoing reasons the judgment of the lower court is affirmed. Costs of this appeal to be paid by plaintiff-appellant.
Affirmed.