REGAN, Judge.
Plaintiff, Leo Stack, instituted this suit to rescind an agreement to purchase the residence of the defendants, Mr. and Mrs. T. C. Irwin, asserting that the structure contained numerous redhibitory vices. The most serious defect complained of was a crack in the terrazzo floor in the living room which extended into the concrete, slab foundation. On the initial trial hereof, the judge concluded that the crack did not affect the structural soundness of the dwelling; therefore, he ordered a diminu *854 tion in the purchase price. We affirmed that finding on appeal. However, this court was of the opinion that the evidence, as it appeared in the record, was insufficient to fix the amount of reduction in price; therefore, we remanded the matter in order to permit the plaintiff to introduce additional evidence to establish the cost of repairing the defects, especially the cracked flooring and slab.[1]
On remand, the trial judge rendered a judgment which ordered the plaintiff to accept title to the property with a diminution in the purchase price amounting to the sum of $1,800.00, to pay attorney’s fees of $2,500.00 to the defendant-vendors’ attorney, and also to pay $300.00 to the defendant-realtor’s attorney.[2]
From this judgment, plaintiff has prosecuted this appeal.
The record reveals that on the remand hereof, the plaintiff called only one witness to testify on his behalf, namely, John R. Hughes, an experienced contractor and shorer, who expressed the opinion that the cracked slab could not be satisfactorily repaired. The vice could be remedied, he stated, by jacking up the residence and installing a new slab foundation at a cost of $24,103.20. However, he conceded that he would be unable to guarantee that-the new slab would not crack since pilings could not be driven before the foundation was laid. He further testified that the house was “livable”, despite the crack, if the owner would, “ * * * just make a patch on it .and cover it with a rug or something”.
The trial judge concluded that it would be unreasonable to require the vendors to bear a reduction in price equal to the cost of installing a new slab, and that the defect could be remedied by filling the cracked foundation and terrazzo flooring with the.proper material. Since plaintiff, who bore the burden of proving the cost of remedying the crack, failed to introduce any evidence in connection therewith, the trial judge allowed $1,000.00 therefor, which, at the inception of the trial on remand, counsel for plaintiff conceded was a fair estimate. The balance of the reduction included $500.00 to repair the flooring of one bedroom and $300.00 to fix a defective air conditioning unit.
On appeal, counsel for plaintiff has again insisted that the agreement to purchase should be rescinded because the cracked slab cannot be repaired.[3] We are unable to entertain this argument in view of the fact that we concluded in our initial opinion that the plaintiff’s relief is limited to a reduction of the purchase price, and, therefore, insofar as this court is concerned, that subject is res adjudicata.
Plaintiff secondly contends that if he is limited to quanti minoris, then he is entitled to the cost of replacing the cracked slab with a new one, or a $24,-103.00 reduction.
The trial court, in its written reasons for judgment, very pertinently commented: “Plaintiff’s counsel apparently decided that he wished to introduce testimony to show that the entire slab should be removed and replaced. The Court was not impressed by the testimony of plaintiff’s witness that this was either necessary or reasonable. In fact, Mr. Hughes, plaintiff’s witness, stated that in his 37 years as a contractor and a shorer, he had never found it necessary to do such a job.”
We reiterate what we said in our initial opinion, that is, that the plaintiff carried the burden of proving the cost of remedying the defect. Since we remanded this case solely to afford him the opportunity *855 to consummate such an objective, and he has failed, we are now convinced that the reduction in price of $1,800.00 was reasonable.
Finally, plaintiff insists that the trial court erred in awarding $2,500.00 attorney’s fees to the defendant-vendors and $300.00 to the defendant-realtor since the plaintiff had successfully secured a reduction in the purchase price.
Generally speaking, attorney’s fees are only awarded if authorized by statute or by the contract which may form the subject matter of the litigation.[4] In this case, the trial court’s award was apparently based on the following provisions which appeared in the contract:
“In the event the purchaser fails to ■comply with this agreement within the time specified, the seller shall have the right to declare the deposit, ipso fac'to, ■forfeited, without formality beyond vtender of title to purchaser, or the -seller may demand specific performance.
‡ * * * * *
“Either party hereto who fails, for .-any reason whatsoever, to comply with the terms of this offer, if accepted, ■is obligated and agrees to pay the .agent’s commission and all fees and ■ costs incurred in enforcing collection and damages.”
In a relatively recent case,[5] we had ■■occasion to discuss the foregoing clauses, ■which are contained in the standard form of contract issued by the Real Estate Board of New Orleans, dated September '1956, and finally reasoned that they pro-wide for an award of attorney’s fees merely -to the real estate agent, but never to the purchaser or seller seeking to enforce the contract. Therein we emphasized, after a thorough discussion of the problem, that the attorney’s fee agreement related only to the realtor’s efforts to enforce the contract.
We are, therefore, of the opinion that an award of $2,500.00 to the defendant-vendors’ attorney was erroneous.
On the other hand, the award of $300.00 to the realtor’s attorney was correct. Counsel for the plaintiff asserts that the realtor’s attorney is not entitled to a fee since the purchase price was actually reduced. We are unable to agree with this contention.
Plaintiff originally instituted this suit to rescind the purchase agreement and joined the realtor as a defendant. The defendant answered and denied that the plaintiff possessed the right to rescind and then reconvened for its commission and reasonable attorney’s fees. Merely because the purchase price was reduced does not, in any way, alter the fact that the defendant realtor’s position was upheld when this court pronounced that the contract could not be rescinded. Defendant realtor employed its own counsel to appear herein, and it was not represented by the same attorney as the defendant-vendors. Therefore, since it enforced collection only through its successful reconventional demand, we are of the opinion that the realtor is entitled to attorney’s fees as provided for in the contract, and the award of $300.00 by the trial judge was reasonable.
For the reasons assigned, the judgment appealed from is reversed insofar as it awards attorney’s fees of $2,500.00 to the defendant-vendors, but in all other respects the judgment appealed from is affirmed.
Reversed in part.
Affirmed in part.

. Stack v. Irwin, La.App., 144 So.2d 648 (Certiorari denied).

. The defendant-vendors reconvened, praying for specific performance. The defendant-realtor reconvened for its commission.

. Wlien suit was filed, the house was approximately six years old.

. Breaux v. Simon, 235 La. 453, 104 So. 2d 168.

. Scurria v. Russo, La.App., 134 So.2d 679; Matthews v. Gaubler, La.App., 49 So.2d 774.