234 So.2d 85 (1970)
Thomas J. INGERSOLL
v.
STAR CHRYSLER, INC., et al.
No. 3879.
Court of Appeal of Louisiana, Fourth Circuit.
April 6, 1970.
Rehearing Denied May 4, 1970.
Writ Refused June 26, 1970.
Clarence F. Favret, Jr., and F. Joseph Drolla, Jr., New Orleans, for plaintiff-appellant.
Milling, Saal, Saunders, Benson & Woodward, David J. Conroy and Karl E. Boellert, New Orleans, for Chrysler Corporation, defendant-appellee.
Salomon & Rudman, I. Bernard Salomon and Laurence D. Rudman, New Orleans, for Star Chrysler, Inc., defendant-appellee.
*86 Before REGAN, SAMUEL and SWIFT, JJ.
SWIFT, Judge.
In this action the purchaser of an automobile seeks to recover from the vendor-dealer and the manufacturer, because of the car's allegedly defective air conditioning unit. The prayer of the petition is for a recission of the sale and the refund of the purchase price and expenses incurred. However, the vehicle was sold subsequent to institution of suit, and the recovery now sought is for diminution of its price and for inconvenience caused by the alleged defect. After a trial on the merits, the judge dismissed plaintiff's suit against both defendants and plaintiff has prosecuted this appeal.
Appellant purchased a new 1968 Chrysler New Yorker from Star Chrysler, Inc., on October 13, 1967, for a price of $6,470.00. The sale was made with the manufacturer's express written warranty.
Although the car was returned to the dealer for a number of things after the purchase, all were apparently remedied to the plaintiff's satisfaction except the air conditioning system. He contends that when used on highway trips of more than 50 or 60 miles it dripped water on the floor on the right front side until the unit was shut off. The number of such incidents was estimated by plaintiff to be between six and twelve. The air conditioner worked satisfactorily under city driving conditions, however. While plaintiff admits that Star Chrysler, Inc., attempted to correct the condition on some of the occasions it was reported, he maintains it was never adequately repaired. Mr. Ingersoll's testimony was corroborated by his wife.
Leroy Mistich, service manager for appellee with 22 years of experience in the repair of automobiles, testified the car was returned with the complaint that the air conditioner was leaking on six different occasions from November 27, 1967, until August 9, 1968. Even though the unit was removed, dismantled, and inspected on three of these no fault could be found therein. It never leaked while the car was being tested in the appellee's repair shop or on short road trips in the city. Because of the owner's complaints, however, the back of the trough that catches the condensation or water from the unit was built up.
On March 17, 1969, plaintiff sold the car to R. L. Florres, who was engaged in the used car business in Texas. Mr. Florres testified he paid $3,100.00 for the automobile, a somewhat higher price than was usually given for a car of that type, because it was in exceptionally good condition. He found no evidence of water stains on the rugs. Florres further testified that he drove the car from New Orleans to Monroe a few days after the purchase. The air conditioner was used, and no difficulty whatsoever was experienced. However, this was in March which generally is not as hot as the summer months when most of the leakage occurred the previous year.
The applicable principles of law may be briefly stated. Redhibition is defined in LSA-C.C. Article 2520 as follows:
"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
LSA-C.C. Article 2541 provides as follows:
"Whether the defect in the thing sold be such as to render it useless and altogether unsuited to its purpose, or whether it be such as merely to diminish the value, the buyer may limit his demand to the reduction of the price."
In every redhibitory action if the evidence establishes only a partial failure *87 of consideration the court has the power and duty to decree a quanti minoris, or a reduction of the purchase price. LSA-C.C. Article 2543; Coco v. Mack Motor Truck Corporation, 235 La. 1095, 106 So.2d 691 (1958); Ehrlich v. Roby Motors Co., 166 La. 557, 117 So. 590 (1928).
However, as stated in Harding v. Ed Taussig Edsel Motors, Inc., 130 So.2d 517 (La.App. 3 Cir. 1961):
"To be entitled to a diminution of price, one must show that the defect existed at the time of the sale and it must also be shown with reasonable certainty the amount of the reduction to which he is entitled." (Page 518).
From our review of the record we agree with the lower court that plaintiff has failed to establish the automobile was so defective when sold that it was absolutely useless to him. However, we note in his reasons for judgment that the trial judge was inclined to believe the testimony of the plaintiff and his wife as to the malfunctioning and leaking of the air conditioning system on their road trips. Also, it was admitted in paragraph 8 of Star Chrysler, Inc.'s answer that the unit leaked water on the floor of the automobile. We think this would make the use of such an expensive car so inconvenient and imperfect that an ordinary buyer would not have purchased it had he known of the condition of the unit. But if not, it undoubtedly would diminish the value of the automobile and give rise to a reduction of the price under Codal Article 2541. Certainly, it was annoying and inconvenient for plaintiff to find the air conditioning system of his new Chrysler leaking in its interior on the six to twelve occasions it was used on road trips and to have to return the car to the dealer six times for repairs that were unsatisfactory.
Except for the trips when the leakage was noted, plaintiff seems to have had normal use of the vehicle for some seventeen months following its purchase. In this respect the case differs from Gauche v. Ford Motor Company, 226 So.2d 198 (La. App. 4 Cir. 1969), wherein the automobile was relatively new when sold by its dissatisfied purchaser. Consequently, the basis employed in Gauche to arrive at the amount of the price reduction will not be employed. Instead, we believe that the fairest method to arrive at such reduction under evidence presented in this case is to award plaintiff the difference between the price which he received when he sold the vehicle and the retail price he would have had to pay at such time for a car of that type equipped with a properly functioning air conditioning unit. According to the testimony of Mr. Florres the difference in these prices was $400.00, and plaintiff is entitled to judgment against the vendor-dealer for such amount. No other damages were proved.
There is no evidence in the record to establish that Chrysler Corporation did not comply with its warranty agreement. It asserted in the suit that it was ready and willing to repair the defect, either for plaintiff or his vendee, if such existed. But no further opportunity was given Chrysler Corporation to do so. Consequently, plaintiff is not entitled to judgment against that defendant.
For the foregoing reasons the judgment appealed from is affirmed in part, reversed in part and recast so as to read as follows:
It is ordered, adjudged and decreed, that there be judgment in favor of plaintiff, Thomas J. Ingersoll, and against defendant, Star Chrysler, Inc., in the full sum of $400.00, together with legal interest from date of judicial demand until paid;
It is further ordered, adjudged and decreed, that there be judgment in favor of defendant, Chrysler Corporation, and against plaintiff, Thomas J. Ingersoll, dismissing said plaintiff's demand against that defendant;
It is further ordered, adjudged and decreed, that defendant, Star Chrysler Inc., pay all costs in both courts.
Affirmed in part; reversed in part and rendered.