EASTERN DIST.
*May*, 1840.

HOZEY, SHERIFF, ET AL.
*vs.*
M'DOUGALL ET AL

</div>

<div align="right">

| 15L 353 |
| 46 1385 |

</div>

HOZEY, SHERIFF, &c. *vs.* M'DOUGALL ET AL.

APPEAL FROM THE COURT OF THE FIRST DISTRICT, JUDGE BUCHANAN PRESIDING.

In an opposition arresting an order of seizure and sale, the issue is, as to the rights of the plaintiff to proceed with his order of seizure, and not as respects the distribution of the proceeds of the property when sold; and especially among parties not before the court.

In this case, Andrew S. Barker became the purchaser of a lot of ground sold under execution. in the suit of James Erwin vs. John Wilcox, and after paying Erwin's debt, there remained a balance of two thousand and sixty-seven dollars

EASTERN DIST.
May, 1840.

HOZEY, SHERIFF,
ET AL.
vs.
M'DOUGALL ET AL

and thirteen cents, which was claimed by trustees of certain creditors of Wilcox, under a conventional mortgage, to come in next after that under which the property was sold. Barker sold the premises to Madame Hester Matilda M'Dougall, for four thousand two hundred dollars; two thousand dollars in cash, and for the balance of two thousand two hundred dollars she gave her note, with mortgage on the property purchased. Barker transferred this note and mortgage, by authentic act, to F. Buisson, then sheriff, *and to his successors in office*, with all his rights, mortgages and privileges on said lot of ground ; authorizing and empowering the sheriff to collect the amount of said note by sale of the property or otherwise, and retain of the proceeds in his hands the sum of two thousand and sixty-seven dollars and thirteen cents, for the payment of the amount due the creditors of John Wilcox, and the balance to be paid over to Barker, the transferor, after paying all charges and costs.

The present plaintiff, as the successor of Buisson, obtained an order of seizure and sale against the lot in question, when the sale was arrested by an opposition and rule taken by the defendant, Mrs. M'Dougall, on several grounds :

1. That the plaintiff, as sheriff, had no interest in the note, and could not maintain an action on it.

2. That this note is the property of the creditors of John Wilcox.

3. That Wilcox has failed and put this note in his schedule, and that a meeting of his creditors was about to take place, and that the syndic they might appoint, is the only person authorized to collect said note.

The judge, after hearing the parties on the rule, ordered the seizure and sale to go on, and the proceeds to be paid over to the syndic of Wilcox's creditors, who was not yet made a party. On motion of the defendant's counsel, the syndic, who was now notified, was required to show cause why the judgment should not be amended, so that the syndic should only receive the amount due of the sale of said property, by the late sheriff, to Wilcox's creditors, and the remainder, (except two hundred dollars which belongs to Barker,) to be

paid to the defendant.   It was amended accordingly.   Barker appealed.

EASTERN DIST.
*May*, 1840.

HOZEY, SHERIFF,
ET AL.
*vs.*
M'DOUGALL ET AL

·   *L. C. Duncan*, for the plaintiff, insisted that the judgment be amended in this count, so as to direct the payment of the proceeds of the property sold to the plaintiff, to be appropriated and divided according to the act of transfer from Barker to his predecessor.

*Jacob Barker*, for A. S. Barker, complained that the judgment was erroneous, and had been pronounced without any notice to him, who was a party interested.

2.  There was error in requiring the proceeds of the sale to be paid to the syndic of Wilcox's creditors, who was not before the court, and had no interest whatever in the matter now in contest.

3.  The judge had no power to amend his judgment as he did, after it was signed.   All his power over it then ceased.

*M'Henry*, for the defendant.

*Morphy, J.*, delivered the opinion of the court.

The plaintiff having sued out an order of seizure and sale, on a note of two thousand two hundred dollars, placed in the hands of· his predecessor, F. Buisson, for certain purposes set forth in an authentic deed of transfer and subrogation, executed to him by Andrew S. Barker.   A rule was taken by defendant, for him to show cause why the said order should not be set aside, on the following grounds, to wit :

1.  That the plaintiff had no interest in the note upon which the order had issued, and could not maintain any action on it.

2.  That said note was the property of John Wilcox, but that the latter having failed, it belonged to his creditors.

3.  That said note is set down on the schedule of Wilcox, and that the syndic then about to be appointed, was the only person empowered by law to collect said note.

As far as we have been enabled to understand the facts of this controversy, from an imperfect record and the statements of counsel, it appears that this note of two thousand two hun-

Eastern Dist.
*May*, 1840.

HOZEY, SHERIFF,
ET AL.
*vs.*
M'DOUGALL ET AL

dred dollars had been given by defendant in part payment of a lot of ground sold to her by Andrew S. Barker, and was secured by mortgage on the premises sold. That this lot had been seized as the property of John Wilcox, at the suit of James Erwin, and purchased at the sheriff's sale by Andrew S. Barker; that a conventional mortgage which existed on the property in favor of the trustees of certain creditors of John Wilcox, and which came immediately after that of Erwin, the seizing creditor, was overlooked and left out in the sheriff's sale to Barker; and that after satisfying Erwin's claim, there remained a sum of two thousand and sixty-seven dollars and thirteen cents coming to the said trustees. That to remedy this omission, Andrew S. Barker placed in the hands of the late sheriff, F. Buisson, this note of twenty-two hundred dollars, and subrogated him to all his rights and privileges as vendor, under a stipulation that of the amount of this note, when collected, a sum sufficient to pay the two thousand and sixty-seven dollars and thirteen cents, with interest and costs, should be held by the sheriff, subject to the order of the District Court, as if received by that officer in the suit of Erwin for the sale of said lot of ground, and that the balance should be paid over to him.

The judge below decreed that the order of seizure and sale should be proceeded on to execution, and that the avails of the sale should be paid over to the syndic of Wilcox's creditors, to be distributed according to law. A few days afterwards, this decree was modified at the instance of the defendant; and on a rule taken on plaintiff, and the syndic of Wilcox's creditors; the latter being thus, for the first time, brought in as a party to these proceedings. The sheriff, by this new order, was directed to pay to the syndic only the sum of two thousand and sixty-seven dollars and thirteen cents, and to hand over to defendant the balance of the money; after deducting the difference between that sum and the amount of the note, which difference was decreed back to Andrew S. Barker. From these decrees the present appeal has been taken. It appears to us that the only issue made up between the original parties below was on the right

of plaintiff to proceed with his order of seizure and sale; after pronouncing on it, the judge went on, improperly we think, to adjudicate on the rights of parties not before him, without giving them any notice or affording them an opportunity of being heard. The defendant, out of whose property the sum of two thousand and two hundred dollars was to be levied, was without interest to control or discuss its distribution. It was perfectly immaterial to her to whom it was paid, had the parties been heard, for whose benefit the arrangement made with the late sheriff was intended, they might perhaps have shown that their right to receive this sum of two thousand and sixty-seven dollars and thirteen cents, as mortgage creditors of Wilcox, out of the proceeds of the property sold at the suit of Erwin, existed long before the failure of Wilcox, and that said sum should not go into the hands of the syndic as decreed by the judge *a quo*.

EASTERN DIST.
*May*, 1840.

HOZEY, SHERIFF,
ET AL.
*vs.*
M'DOUGALL ET AL

In an opposition arresting an order of seizure and sale, the issue is, as to the rights of the plaintiff to proceed with his order of seizure, and not as respects the distribution of the proceeds of the property when sold, and especially among parties not before the court.

It is therefore ordered, that the judgment and amended judgment of the District Court, on the rules taken to set aside the order of seizure and sale, and for the distribution of the proceeds of said sale, be avoided, annulled and reversed; and proceeding to give such judgment, as in our opinion, should have been given in the court below: it is further ordered, adjudged and decreed, that the order of seizure and sale granted by the District Court be reinstated, and an alias order issue directing the mortgaged premises, described in the plaintiff's petition, be seized and sold; and out of the proceeds a sufficient sum be paid over to the sheriff of the parish of Orleans, to pay the note described in the act of mortgage, to wit: two thousand sixty seven dollars and thirteen cents, with interest at the rate of ten per cent. per annum, from the 24th day of March, 1837, until paid, to be applied under direction of the District Court, according to the conditions expressed in the act of subrogation, from Andrew S. Barker to F. Buisson, late sheriff. The appellees paying costs of the appeal.