The opinion of the court was delivered by
Miller, J.
The plaintiff issued executory process on two promissory notes made by defendant, for amounts aggregating, with the ten *1384 per centum-for attorney’s fees, stipulated in the .mortgage acts, an amount less than two-thousand dollars. The defendant obtained an injunction without bond under Arts. 738, 739, Code of Practice, to arrest the execution of the writ of seizure and sale. The opposition substantially averred- that the notes were given for the purchase by defendant of the interest in a commercial partnership of Albert M. Silbernagle; that h,e represented to defendant the partnership was prosperous and agreed that the notes should be deposited with a third person to protect defendant against any claims against Silbernagle that might be brought against the partnership arising from any act of his, of appropriations for his benefit of the partnership funds, or of a character to bind the partnership, the debts of which defendant assumed payment in his act of purchase.
The opposition proceeded to aver that subsequent to defendant’s purchase of the partnership interest, the defendant discovered that it was bound for a large debt of Silbernagle, which defendant, under his assumption, had been compelled to pay, and that Silbernagle’s representations as to the condition of the partnership had been falsified in other respects; that it was found Silbernagle had made overdrafts on the partnership funds and appropriated such funds to a large amount, against which overdrafts and appropriations the guarantee and pledge of the notes had been given defendant by Silbernagle at the time of defendant’s purchase of the partnership interest. The opposition charged that the notes had been' obtained by these fraudulent representations of Silbernagle as to the condition of the partnership, and that this debt for which he had bound the partnership and defendant had been compelled to pay, and the overdrafts and misappropriations by Silbernagle of the partnership brought to light after defendant’s purchase of the interest, aggregating over eleven thousand dollars, were offsets against the notes sued on by which they were compensated, Koch, the plaintiff, was charged to be the agent of Silbernagle, holding and suing on the notes for his benefit, and the opposition prayed for judgment maintaining the injunction decreeing the notes compensated, and for judgment against Koch as agent of Silbernagle for the excess over the notes of the offsets pleaded in the opposition.
Instead of treating this opposition as an answer, the plaintiff excepted that it showed no cause of action, and that exception sustained, the case is here on, the defendant’s appeal and encounters *1385 the plaintiff’s motion to dismiss on the ground that the amount involved is less than two thousand dollars.
'• An opposition and injunction without bond is an incident to the demand in the petition for the seizure and sale. It is in legal effect an answer to the petition. The opposition is restricted to the issue whether the notes on which the order for the seizure and sale is based have been obtained by fraud, or paid, or extinguished, or other defences exist specified in the Code, authorizing the opposition without bond. The opposition if maintained, simply and only arrests the seizure and sale, and decrees that plaintiff can not enforce the notes. Code of Practice, Arts. 738, 739; Hozey vs. Sheriff, 15 La. 353; Monott vs. U. S. Bank, 4 Rob. 490; Conrad vs. Sheriff, 29 An. 124; 30 An. 1163; 31 An. 112. It follows, therefore, that the remedy selected by the defendant, i. e., an opposition without bond to arrest the sale of his property on the ground the demand can not be enforced, restricts the issue to that demand, which, as already stated, is under two thousand dollars.
Indeed, in another point of view there is bat one suit before the court, i. e., between plaintiff Koch and defendant Godchaux and on the notes. There is a demand of defendant against Silbernagle for judgment for the excess of defendant’s offsets over the amount of the notes. But Silbernagle is not before the court. It is alleged in the opposition that the notes are not owned by plaintiff, but are sued on for the benefit of Silbernagle, and there is the prayer for judgment for the excess of the offsets against plaintiff as agent of Silbernagle. It is manifest no such judgment could be given against one not before the court either by citation, appearance or any mode, save the recital in the petition that suit is for his benefit utterly ineffective, if it were so, to introduce him as a party against whom a money judgment could be rendered. Koch, the plaintiff, is before us simply and only as holder of the notes, and the only judgment the record admits is whether he can enforce a demand less than the amount to give the court jurisdiction.
We listened with interest to the able argument in support of the defence on the merits, but we reach the conclusion that there is no jurisdiction in this court to deal with the merits.
It is therefore ordered, adjudged and decreed that the appeal in this case be dismissed at appellant’s costs.