106 So.2d 691

Richard COCO

v.

MACK MOTOR TRUCK CORP. et al.

No. 44027.

Nov. 10, 1958.

Rehearing Denied Dec. 15, 1958.

Reed, Reed & Reed, Floyd J. Reed, New Orleans, Benjamin C. Bennett, Jr., Marksville, for appellant.

Eugene N. Scallan, Edwin L. Lafargue, Marksville, for appellees.

McCALEB, Justice.

This is an injunction suit brought by Richard Coco on September 18, 1956, to arrest the sale of five certain trucks seized by defendant in the proceedings entitled Mack Motor Truck Company v. Coco, 235 La. 1077, 106 So.2d 518, and was consolidated with that case here on appeal The grounds for the action are that the promissory notes representing the balance

due on the purchase price of the trucks were obtained through the fraud and misrepresentation of Mack's agent and salesman and further that, if any obligation existed, it has been extinguished by failure of consideration as the trucks contained many redhibitory vices and defects justifying a rescission of the sale. The petition alleges, in substance, that defendant's sales agent assured plaintiff of the superior quality of the Mack truck for heavy duty hauling in the road building and gravel and sand contracting business, in which plaintiff is engaged; that said agent, one McDowell, expressly represented to plaintiff that the trucks would be guaranteed against mechanical defects for the first 100,000 miles; that, since these were the type of trucks required by plaintiff in his business, with which McDowell was thoroughly familiar, he agreed to purchase the trucks, relying on McDowell's representations; that, however, soon after the sale and the trucks were put in use by plaintiff, they were found to be incapable of performing the function for which he bought them; that they developed radiator trouble, oil and grease leakage and that it was impossible to keep all of them in condition for any length of time. It was further averred that Mack was periodically notified of these difficulties, which were not remedied, and that, on August 10, 1956, plaintiff, being unable to obtain satisfaction, informed defendant that the sale should be cancelled.

Plaintiff accordingly prayed for the issuance of an injunction without bond, under Article 739 of the Code of Practice, arresting the seizure of the trucks and further for a rescission of the sale for redhibitory defects and a return of the sum of $23,-202.36, which he had paid on account of the purchase price.

On the showing made, the judge issued a temporary restraining order and later a preliminary injunction was granted pending trial on the merits.

Meanwhile, defendant answered, denying generally the allegations of the petition as to misrepresentation and failure of consideration and pleading that the trouble plaintiff encountered in his use of the trucks resulted from his own negligence and abuse in overloading them and failing to exercise proper preventive maintenance according to accepted methods. Additionally, defendant pleaded the prescription of one year as ground for dismissal of the suit.

Following a protracted trial on the merits of the case during February and March of 1957, in which approximately 900 pages of testimony was taken, the judge rendered an opinion rejecting Coco's prayer for injunctive relief and his demand for rescission of the sale and return of his payments on account of the purchase price, notwithstanding that it was his view that defendant's agent had made material misrepre-

sentations to plaintiff regarding the capacity and performance of the trucks and that, but for these representations, plaintiff would not have purchased them. The judge reasoned that, although he was satisfied that there was a definite failure of consideration—because the trucks were unable to perform the work required of the business in which plaintiff is engaged—he would not rescind the sale since plaintiff had retained the possession and use of the five trucks for approximately 12 months, driving them over 20,000 miles and that, therefore, " * * * their use to him was of more than nominal value". Thus, believing that there had been a partial failure of consideration, the judge decreed that plaintiff was entitled to a reduction in the price of the trucks and he, accordingly, decreased the combined prices to an amount equal to the payments made by plaintiff on account of the agreed price " * * * plus the net amount that is to be realized from the sale of the trucks by the Sheriff, after deducting the Sheriff's Costs".

Defendant appealed from this judgment and, as plaintiff has neither appealed nor answered Mack's appeal, the sole question for decision is whether the judge erred in decreeing a reduction in price.

Initially, Mack contends that the judge was without authority to decree a quanti minoris since the only matter presented to him for decision in this case was whether or not the seizure and sale of the trucks should have been arrested.

■ The point is not well founded. In effect, plaintiff was attempting in the instant suit to rescind a sale because of a failure of consideration, which has been held to be one of the grounds for arresting a seizure and sale, without bond, under Article 739(3) of the Code of Practice. Phillips v. W. T. Adams Mach. Co., 52 La. Ann. 442, 27 So. 65 and the cases there cited, and United Motor Car Co., Inc. v. Drumm, 3 La.App. 741. These authorities declare that, since rescission for redhibitory vices operates as an extinguishment of an obligation for failure of consideration, an aggrieved party is entitled to arrest a seizure and sale by prosecution of a redhibitory action.

■ Forasmuch as a decree of quanti minoris is responsive to an action for redhibition, being expressly authorized by Article 2543 of the Civil Code, it follows that in every redhibitory action the judge has the power and the duty, if he believes that the evidence establishes only a partial failure of consideration, to decree a quanti minoris.[1] And if the diminution in price reduces the debt to a sum less than the amount for which the writ of executory process was issued, the seizure should be

1. The case of Koch v. Godchaux, 46 La. Ann. 1382, 16 So. 181, relied on by counsel for Mack, is not in conflict with the above stated view.

enjoined to the extent of such reduction. Phillips v. W. T. Adams Mach. Co., supra; Hicks v. Levett, 19 La.App. 836, 140 So. 276.

In this case, however, the judgment rendered did not require even a partial arrest of the seizure, as the purchase price of the trucks was reduced only to the amount of plaintiff's previous payments on account of the price plus the net amount to be realized from the sale of the trucks by the sheriff, after deducting costs. In other words, the effect of the judgment, if it stands, is to decree that Mack is not entitled to obtain a deficiency judgment against plaintiff in case the price obtained at the sheriff's sale, when added to plaintiff's payments on account, is less than the purchase price of the trucks as agreed on by the parties.

The vice we find in this decree is that it is for an indeterminate amount, that is, that it does not fix with certainty the amount of the diminution of the price. Such a disposition is contrary to the jurisprudence pertaining to actions in quanti minoris—for, in such cases, like other civil matters, it is the duty of the plaintiff to prove with reasonable certainty the amount to which the price should be reduced.

In Ehrlich v. Roby Motors Co., 166 La. 557, 117 So. 590, 592, the Court said:

"In order to entitle one to a diminution of the price, he must not only show that the defect complained of existed at the time of the sale, but he must also show with reasonable certainty facts disclosing the amount of the reduction to which he is entitled. Lowe and Pattison v. Nelson, Bradley & Co., 7 La.Ann. 646; Bonzano vs. Auze, 10 La.Ann. 188."

See also Cleaners Equipment Corporation v. Weil Cleaners, La.App., 178 So. 771 and other authorities there cited.

In the case at bar, plaintiff did not offer evidence to establish the fair value of the trucks at the time of the sale nor did he show how much it would cost to place them in sound condition to perform the work in which he is engaged. Indeed, his unwavering position throughout the case has been that there was a total failure of consideration and the judge agreed with him. Nevertheless, the judge was of the opinion that, since plaintiff had used the trucks for almost a year, he was not entitled to a rescission of the sale and his judgment for a reduction is evidently based on the belief that Mack will come out whole by giving it what has already been paid by plaintiff plus the net amount of the sales. But, as above seen, a judgment in quanti minoris cannot be founded on this basis.

Being of this opinion, it necessarily follows that the judgment must be reversed and plaintiff's demands rejected in entirety. However, since plaintiff did not adduce any evidence to sustain a decree in quanti minoris, which is always responsive in ac-

tions for redhibition, we feel that his claim, insofar as it pertains to a reduction in the purchase price, should not be dismissed absolutely, but as of nonsuit, and we reserve to him the right to urge it as a defense in the event Mack sues him for a deficiency judgment.

In making this disposition of the case we have not overlooked the contention of Mack's counsel that the judge erred in overruling their objection to the parol evidence offered to prove the alleged misrepresentation of Mack's agent, McDowell, or to show any other representation as to quality and capacity of the trucks in conflict with the 90-day seller's warranty contained in the bill of sale, which is given in

2.  The same may be said regarding his action in overruling Mack's plea of the one-year prescription provided by Article 2534 of the Civil Code, which is directed solely against plaintiff's claim for recission of the sale of the Diesel truck. The

lieu of all other warranties, express or implied.

In view of the allegations of fraud and misrepresentation contained in the petition, we cannot say that the judge erred in not refusing to receive parol evidence respecting redhibitory vices.[2] At any rate, in the event of future litigation, counsel may again raise the objections made at the trial of this case.

The judgment appealed from is therefore reversed and plaintiff's action, insofar as it partakes of a proceeding in quanti minoris, is dismissed as of nonsuit at his costs.

PONDER, J., absent.

prescriptive article has no application when the seller has knowledge of the defects. Plaintiff's evidence, if believed, would indicate that defendant's agents had such knowledge.