277 So.2d 215 (1973)
Gaylen J. WOLFE, Plaintiff-Appellee,
v.
HENDERSON FORD, INC., Defendant-Appellant.
No. 4131.
Court of Appeal of Louisiana, Third Circuit.
April 25, 1973.
Rehearing Denied May 24, 1973.
Hunt, Godwin, Painter & Roddt by Fred R. Godwin, Lake Charles, for defendant-appellant.
Ralph J. Hanks, Jr., Lake Charles, for plaintiff-appellee.
Before FRUGE, HOOD and DOMENGEAUX, JJ.
FRUGE, Judge.
Plaintiff, Gaylen Wolfe, plaintiff-appellee, brought this action in redhibition to rescind the sale of a used automobile. The Lake Charles City Court denied the plaintiff's claim for rescission of the sale, but granted judgment against defendant for a *216 reduction of $53.28 in the sale price. We affirm.
On June 2, 1970, a 1963 automobile was purchased from defendant for $325. The next day plaintiff could not shift the car into third gear, therefore, he presented the car to defendant and requested it be repaired. Defendant refused to make the necessary repairs on the automobile, and on June 5, 1970, plaintiff filed suit against defendant, asking that the sale be rescinded because of redhibitory vices plus attorney's fees and damages. Defendant filed a general denial to plaintiff's petition; it further answered that the sales agreement contained a stipulation that no warranty of any kind existed on the vehicle and that the buyer expressly waived any right to rescind or reduce the sale for hidden defects.
Defendant makes the following specification of errors: (1) The trial judge erred in granting recovery to plaintiff despite plaintiff's expressed waiver of any right to rescind or reduce the sale; (2) The trial judge erred in apparently granting a reduction in price while holding the defect in question was not a redhibitory defect.
In support of its first specification of error, defendant offers a document entitled "Vehicle Buyer's Order". On the reverse side of the document is the following language:
"Any used motor vehicle sold to Purchaser by Dealer under this Order is sold at the time of delivery by Dealer without any guarantee or warranty expressed or implied, including any implied warranty of merchantability of fitness for a particular purpose, as to its condition or condition of any part thereof except as may be otherwise specifically provided in writing on the face of this Order or in a separate writing furnished to Purchaser by Dealer."
In addition, found stamped on this document is the following language:
"It is understood by the buyer that no guarantee of any kind applies to the automobile described hereon and the buyer expressly waives any right to rescind or reduce the sale for hidden defects or redhibitory vices."
Following the stamped language appears the plaintiff's signature.
Plaintiff testified that he could not recall definitely whether the stamp was on the contract when he signed it; that he definitely did not read the agreement, but he scrutinized the figures and price closely; that he was not high-pressured or prevented from reading the contract; that he was under the impression that the automobile was purchased subject to a 30-day warranty; and that no explanation was given him by the salesman as to the provision of the warranty or the existence of any warranty. Testimony concerning the above follows:
"Q. And did the salesman explain anything to you?
A. No, sir.
Q. Did he let you read this contract, front and back, before you purchased the car?
A. No, sir. All he did was show me where to sign it, and I signed it.
Q. Did he present anything to you for your signature to read it before you purchased the car?
A. No, sir."
Gerald Robins, a used car salesman for five years, testified for defendant. In response to a question as to whether he could interpret some of the language in the particular sales contract he answered:
"A. I can tell you what some of the language means on it, yes.
Q. Can you tell me what all of the language means on it?

A. No, sir.

* * * * * *

*217 Q. Do you know what vice is?
A. I know what some vices mean, yes.
Q. But not in a car.

A. No, sir." (Emphasis ours).
We note that the rubber stamp warranty exclusion which the plaintiff is alleged to have signed is not completely legible. The above-quoted language is stamped once on the original "Vehicle Buyer's Order" and twice on the carbon copy. Plaintiff's own witness admitted on cross examination that the language stamped upon the sales agreement was not legible. It is uncontested that the alleged exclusion of warranty found on the reverse side of the "Vehicle Buyer's Order" was never brought to the attention of the plaintiff. More importantly, however, the rubber stamp containing the alleged waiver of warranty, was never explained to the plaintiff. The salesman who sold the defective automobile to plaintiff, testified as follows:
"Q. Okay. Do you explain this stuff (in reference to the waiver of warranty) to these people when they buy cars, about this redhibitory vice and all that jazz? You don't explain any of that, do you?

A. No." (Emphasis ours)
Defendant's principle defense is that the sale was made without warranty and at the buyer's risk. Earlier cases involving this kind of problem are generally in accord and constitute a recognition that such limitations of liability are not the result of actual bargaining and should not be given literal effect. The Work of the Louisiana Appellate Courts for the 1968-1969 Term-Particular Contracts, 30 La.L. Rev. 171, 214. An exclusion or waiver of warranty by which parties take themselves out of the coverage of specific or general law and make them a law unto themselves must be strictly construed. Harris v. Automatic Enterprises of Louisiana, Inc., 145 So.2d 335 (La.App. 4th Cir., 1962); Lee v. Blanchard, 264 So.2d 364 (La.App. 1st Cir., 1972). Any waiver must be specific and unequivocal. Juneau v. Bob McKinnon Chevrolet Company, 260 So.2d 919 (La. App. 4th Cir., 1972). The Civil Code of Louisiana makes specific provisions for the protection of buyers from vices and defects in things sold. The clear intendant of the codal articles is that buyers have a right to assume that a thing, such as an automobile, is suitable for the purpose intended and they may safely rely upon this implied representation. Our courts have been reluctant to give effect to stipulated waivers of the warranty implied by law. Harris v. Automatic Enterprises of Louisiana, Inc., 145 So.2d 335 (La.App. 4th Cir., 1962).
Willis Trouard, used car salesman for defendant, negotiated the sales transaction in question with plaintiff. The defendant's witness was asked about the circumstances surrounding the sale and what, if anything, he told plaintiff; that testimony follows:
"It was late that afternoon, and after I filled it (Vehicle Buyer's Order) out, I showed it to them and explained it to them, just how it was done, and the total amount would be $325.00, and I had the stock number and the motor number and address and everything, and I told him there was two places to sign on the buyer's order, and I said, `Here's the warranty. We have no guarantee and I would like for you to read it, if you care to read it'." (Emphasis ours).
The obviously contradictory statement made by the salesman, considered in conjunction with the other circumstances surrounding the sale, works to prevent the alleged waiver of warranty from being clear, specific, and unequivocal. We are satisfied that at the time of the sale, there was no specific agreement concerning the waiver of warranty of fitness of the automobile. To the contrary, plaintiff testified that he was not aware that the document contained no guarantee. The alleged waiver *218 of warranty relied upon by defendant falls short of meeting the requirement set forth by our jurisprudence and will not preclude plaintiff's cause of action.
As to defendant's second specification of error, we likewise find it has no merit. Defendant contends that the lower court was without authority to decree a reduction in the purchase price since the only matter presented to it for decision was whether or not the sale should have been rescinded. A decree of quanti minoris is responsive to an action for redhibition, being expressly authorized by LSA-C.C. Art. 2543. It follows that in every redhibitory action, the judge has the power and the duty, if he believes that the evidence establishes only a partial failure of consideration, to decree a quanti minoris. Hebert v. Claude Y. Woolfolk Corporation, 176 So.2d 814 (La.App.3rd Cir., 1965); Coco v. Mack Motor Truck Corporation, 235 La. 1095, 106 So.2d 691 (1958), and Morehouse Ice Co. v. Tooke and Reynolds, 154 So. 402 (La.App.2nd Cir., 1934).
From our review of the record, we agree with the lower court that plaintiff has failed to establish that the automobile was so defective when sold that it was absolutely useless to him. The defect was minor and easily repairable so as to constitute merely a partial failure of consideration. Therefore, the court was authorized to exercise its powers under LSA-C.C. Art. 2543 to decree a diminution of the price rather than a rescission of the sale.
We thus affirm the judgment of the lower court in favor of the plaintiff and against the defendant for a reduction of the sale price in the sum of $53.28 which covers the cost of repair to the car. Defendant to pay all costs.
Affirmed.
HOOD, J., dissents being of the opinion that the waiver of warranty is valid and precludes plaintiff from obtaining a reduction of the sale price.