283 So.2d 266 (1973)
Harris J. TAUZIN, Plaintiff-Appellant,
v.
SAM BROUSSARD PLYMOUTH, INC., d/b/a Sam Broussard Plymouth-Fiat, Inc., Defendant-Appellee.
No. 4277.
Court of Appeal of Louisiana, Third Circuit.
September 18, 1973.
*267 Ashton J. Landry and Plaisance & Franques by A. J. Plaisance, Lafayette, for plaintiff-appellant.
Daniel L. Regard, New Iberia, for defendant-appellee.
Before FRUGÉ, SAVOY and DOMENGEAUX, JJ.
FRUGÉ, Judge.
Plaintiff, Harris J. Tauzin, filed a redhibitory action seeking to rescind the sale of a 1970 Plymouth Barracuda automobile. He also sought damages and attorney's fees. District Court rendered judgment in favor of plaintiff, decreeing a quanti minoris, together with damages and attorney's fees. We affirm and amend.
The court notes initially that the defendant, Sam Broussard Plymouth, Inc., was succeeded by Cajun Chrysler Plymouth, Inc., subsequent to the filing of plaintiff's petition. This suit was continued against Sam Broussard Plymouth, Inc., as defendant, a procedure which is proper under Article 807 of the Louisiana Code of Civil Procedure.
On August 20, 1970, plaintiff purchased a 1970 Plymouth Barracuda automobile from defendant through one Mr. Willis Delahoussaye, a salesman. The automobile was described as a special high-performance model. The total purchase price was $4,214.55. Plaintiff traded in a 1969 Plymouth Roadrunner automobile and was allowed $1,891.00. He financed the remainder of the purchase price. The 1970 Barracuda was represented to be a new automobile.
Prior to the above sale, the automobile had been driven off the lot by an employee of the defendant who was not authorized to do so. While driving on the streets of New Iberia, Louisiana, the employee collided with the rear-end of another automobile, damaging the front end of the 1970 Plymouth Barracuda. The amount of damage, according to stipulation of counsel, amounted to some $413.00.
Subsequent to the sale, plaintiff learned the car had been in a collision accident prior to his purchase. Plaintiff thereupon returned to Sam Broussard Plymouth, Inc., and spoke to Mr. Delahoussaye, the salesman from whom he purchased the automobile.
At the meeting which occurred approximately one month after the sale, Mr. Delahoussaye states he did admit the car was wrecked prior to the sale when confronted by Mr. Tauzin. (Tr. 158). Mr. Delahoussaye recalls that Mr. Tauzin stated he did not want the car, but that he did not offer to return it or state any terms to Mr. Delahoussaye. Mr. Delahoussaye told plaintiff he would speak to Mr. Joe Regard, the general manager, since he was unable to do anything for plaintiff. Mr. Tauzin then walked out.
Approximately four months later, Mr. Joseph T. Regard, General Manager of Sam Broussard Plymouth, Inc., contacted plaintiff by phone. Plaintiff testified that no one contacted him, and he did not return or attempt to contact the defendant during the intervening period. Plaintiff, however, did contact the manufacturer, the Chrysler Corporation. Apparently, in response to the Chrysler Corporation's request, Mr. Regard contacted Mr. Tauzin. During the conversation, Mr. Regard informed the plaintiff that he could not take the car back, stating he considered it a new car under full warranty and that if *268 anything went wrong with the car, it would be repaired.[1] (Tr. 173).
On March 24, 1971, plaintiff filed a redhibitory action alleging that the automobile sold contained certain vices and defects. In an amended petition, plaintiff alleged that the automobile had been wrecked, that the defendant had such knowledge and failed to disclose these facts. Defendant filed an answer denying the vehicle contained vices or defects and a reconventional demand in the alternative for reasonable rental of the automobile if the sale was rescinded.
After hearing the evidence, the trial court rendered judgment in favor of plaintiff and against defendant, reducing the price $600.00 together with damages of $116.48 and attorney's fees of $500.00. Plaintiff perfected an appeal and defendant answered.
At trial the plaintiff sought to rescind the sale on the basis of vices and defects under LSA-C.C. Article 2520. Article 2520 is authority for rescission, where the vices and defects complained of are of such a nature as to render the thing sold either totally useless to the buyer, or its use so inconvenient that it is to be assumed that the buyer would not have purchased it had he known such defects.
The defects complained of by the plaintiff included a loose battery or starter cable, loose speedometer cable, malfunctioning temperature gauge, loose or missing screws, among others. All of the above items were remedied by plaintiff himself or the defendant. It was determined that the plaintiff operated the car satisfactorily for a period of 26 months and drove the vehicle approximately 38,000 miles. During this entire period, the total cost of repair to the vehicle was $94.58 to plaintiff.
The above items were adjustments and corrections ordinarily associated with the purchase of a new automobile. The repairs were of the type to be expected of an automobile driven so extensively. The trial judge held that the vices and defects complained of were minor and did not justify rescission of the sale under Article 2520. We agree. At no time were the defects of such a nature to render the vehicle unsuited for the use it was intended or so inconvenient, or unsatisfactory in any manner that it could be said plaintiff would not have purchased the vehicle.
The defendant complains the trial court erred in finding defendant guilty of fraud. Defendant insists the automobile was a new vehicle. The trial court held the vehicle lacked this quality. LSA-C.C. Article 2547 states:
"A declaration made by the seller, that the thing sold possesses some quality which he knows it does not possess, comes within the definition of fraud, and ought to be judged according to the rules laid down on the subject, under the title: Of Conventional Obligations.
"It may, according to the circumstances, give rise to the redhibition, or to a reduction of price, and to damages, including reasonable attorneys' fees, in favor of the buyer." (Amended by Acts 1968, No. 84, § 1.)
Mr. Regard and Mr. Delahoussaye testified they were aware that this automobile had been involved in a street collision. The car was represented as a "new" vehicle. The representation that a vehicle is "new" cannot reasonably include an automobile involved in a street collision during the course of an unauthorized joy ride.
It is, therefore, determined by this court that the acts of the defendant did indeed *269 fall within the definition of fraud, fraud being judged by LSA-C.C. Article 1847, which states in pertinent part:
"Fraud, as applied to contracts, is the cause of an error bearing on a material part of the contract, created or continued by artifice, with design to obtain some unjust advantages to the one party, or to cause an inconvenience or loss to the other.
"5. It must be caused or continued by artifice, by which is meant either an assertion of what is false, or a suppression of what is true, in relation to such part of the contract as is stated in the second rule.
"6. The assertion and suppression, mentioned in the last preceding rule, mean not only an affirmation or negation by words either written or spoken, but any other means calculated to produce a belief of what is false, or an ignorance or disbelief of what is true."
The failure to disclose these material facts to the plaintiff that the automobile had been wrecked prior to his purchase and repaired, was indeed a misrepresentation to the plaintiff in order to obtain an unjust advantage for the defendant. The court determines that facts and circumstances such as these, should be disclosed to the buyer since this is normally not within the representation that a car is a "new" car.
There is sufficient evidence in the record to justify a reduction in the price in the amount of $600.00. At the time of the trial, the plaintiff had driven the automobile almost 38,000 miles for a period of two years. During this time, the automobile performed satisfactorily. According to stipulation of counsel, the amount of damage to the automobile was $413.00.
Testimony indicated that where a car has been involved in a street collision, this is abnormal damage.[2] Mr. Wayne Bienvenu, Chrysler dealer in St. Martinville, Louisiana, testifying for defendant, when asked if he would give a concession in the price if he sold a car which had been damaged in an accident on a highway, replied that he would make a concession in the price. (Tr. 219-220).
Mr. Claude Babin, Vice President and part owner and general manager of Cajun Chrysler Plymouth, the successor of Sam Broussard Plymouth, Inc., qualified as an expert in the retail sales of automobiles. Mr. Babin, within a period of six years had been involved either supervising or in selling directly over 5,000 automobiles. In testifying for defendant, he stated that it was abnormal for a car to be damaged in a street collision, and upon disclosure some adjustment would have to be made in the price to overcome psychological barriers against purchasing a car which had been wrecked. (Tr. 248-251).
Therefore, it is apparent that we cannot say the trial judge abused his discretion in awarding the amount of $600.00 in the reduction of the price. Clearly, there is evidence to sustain that such an adjustment is necessary in order to sell a car which has been wrecked prior to its sale as a new car.
Plaintiff contends that the trial court erred in failing to rescind the sale and restore the purchase price to the plaintiff. Plaintiff's contention is based on the argument that since the defendant is guilty of fraud, the sale must be rescinded. There is no merit to plaintiff's argument. LSA-C.C. Article 2547 specifically authorizes the trial judge to grant a reduction of the price if the circumstances so warrant. This article clearly leaves to the trial *270 judge an abundance of discretion in formulating a remedy appropriate to the situation. The facts in the case before us indicate that the trial judge did not abuse the discretion granted to him.
Our conclusion in this regard is also buttressed by LSA-C.C. Article 2543 which authorizes the trial judge to decree a quanti minoris in any suit for redhibition. The Supreme Court in Coco v. Mack Motor Truck Corp., 235 La. 1095, 106 So. 2d 691 (1958), stated that in every redhibitory action, the trial judge has the power and the duty, if he believes the evidence establishes only a partial failure of consideration, to decree a quanti minoris. Other cases Ehrlich v. Roby Motors Co., 166 La. 557, 117 So. 590 (1928); Ingersoll v. Star Chrysler, Inc., 234 So.2d 85 (La.App. 4th Cir., 1970), writs refused 256 La. 365, 236 So.2d 499 (1970); Wolfe v. Henderson Ford, Inc., 277 So.2d 215 (La.App. 3rd Cir., 1973).
Plaintiff contends that the trial judge erred in the assessment of damages awarded. Plaintiff seeks damages for embarrassment, mental anguish, and suffering as a result of the sale. The trial court awarded damages for pecuniary loss incurred by the plaintiff in the amount of $116.48. This was the amount of interest plaintiff was required to pay for the additional $600.00 he borrowed in order to finance the purchase price of the automobile. This amount was computed to be one-fourth of the total amount borrowed and the damages were one-fourth of the interest on the total amount. The trial court refused to award damages for embarrassment, mental anguish, and suffering.
Louisiana C.C. Article 1934 states in pertinent part:
"3. Although the general rule is, that damages are the amount of the loss the creditor has sustained, or of the gain of which he has been deprived, yet there are cases in which damages may be assessed without calculating altogether on the pecuniary loss, or the privation of pecuniary gain to the party. Where the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality or taste, or some convenience or other legal gratification, although these are not appreciated in money by the parties, yet damages are due for their breach; ..."
Plaintiff's claim was correctly denied. Damages for mental anguish, embarrassment, etc., in contract cases are recoverable only where the contract has for its object the gratification of some intellectual enjoyment. In Aiken v. Moran Motor Co., 165 So.2d 662 (La.App. 1st Cir., 1964), the court refused to award damages for worry, inconvenience, and annoyance since the case did not come within the exception. This case was followed recently in DiGiovanni v. April, 261 So.2d 360 (La.App. 1st Cir., 1972). It must be shown that the contract falls within the exception of Article 1934(3). There has been no such showing here.
Plaintiff complains the trial judge erred in awarding the amount of $500.00 or attorney's fees. His contention is that such an award was grossly inadequate under the circumstances of the case and the complexity of the issues involved. The trial judge felt that the award was reasonable, a determination in which we agree. The fact that plaintiff sought to utilize the services of two attorneys does not alter defendant's liability only for reasonable attorney's fees. Article 2547 authorizes only reasonable attorney's fees.
The judgment failed to dismiss the reconventional demand of the defendant for the rental value of the automobile. There is no merit to this demand and it should have been dismissed. This is implicit in the trial court's decision and the judgment inadvertently omitted it.
*271 For the reasons assigned, the judgment of the trial court is affirmed and amended dismissing defendant's reconventional demand. All costs are assessed to defendant.
Amended and affirmed.
NOTES
[1] Testimony indicates that the particular car purchased by plaintiff was given a 12-month warranty instead of the normal 5-year, 50,000 mile warranty by The Chrysler Corporation. That some items were specifically not warranted, due to the fact that the particular car was a hot-rod car. (Tr. 173). The 5-year, 50,000-mile warranty has subsequently been discontinued by The Chrysler Corporation.
[2] The witnesses differentiated between a street collision in which an automobile sustained damages such as the one involved in this particular case, and damages incurred as a result of transportation from the manufacturer to the dealer. Transportation damages are normal in the delivery of new vehicles to dealerships. Such damage is relatively minor and is normally not disclosed.