300 So.2d 858 (1974)
John G. MENVILLE, Jr.
v.
STEPHENS CHEVROLET, INC.
No. 5861.
Court of Appeal of Louisiana, Fourth Circuit.
September 18, 1974.
Rehearing Denied October 9, 1974.
Writ Refused November 27, 1974.
*860 Henican, James & Cleveland, New Orleans, C. Ellis Henican and Carl W. Cleveland, New Orleans, for plaintiff-appellee.
Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, New Orleans, Paul B. Deal, New Orleans, for defendant-appellant.
Before REDMANN, LEMMON and SCHOTT, JJ.
LEMMON, Judge.
This action against an automobile dealer seeks avoidance of the sale of a new car on account of redhibitory defects, or alternatively, reduction of the purchase price. The trial court awarded a reduction in price.
Defendant appealed suspensively. Plaintiff answered the appeal, seeking return of the full purchase price, attorney's fees and damages.
Redhibition or Reduction
Plaintiff purchased the Corvette convertible for $5,889.88. His business required a great deal of travel, and he planned to use the car for both business and personal purposes.
Within the first five months, plaintiff returned the car to defendant at least six times. Problems included: the gas cap gasket and hub cap clamp were missing; the front wheel disc had to be replaced; the spark plug wires had to be replaced twice; the windshield developed a pressure crack; a spool broke in the window glass mechanism; the convertible top leaked; the rear end had a "clunking" noise on acceleration; the brakes squealed; and several minor adjustments were made. Defendant repaired or replaced the missing and malfunctioning parts under the manufacturer's warranty agreement.
Over the next few months other problems developed, principally with front end alignment, power steering and recurrent burning of spark plug wires. Plaintiff had these adjusted by defendant or by other mechanics and paid for the repairs.
At about 19,000 miles, slightly less than a year after plaintiff purchased the car, the rear axle bearing failed, causing the rear wheel to fall off. When defendant refused to reimburse the cost of repairing the damage, plaintiff demanded rescission of the sale and instituted this suit.
Plaintiff thereafter continued to use the vehicle and to experience intermittent difficulty with the steering and alignment. At time of trial (48,000 miles and 26 months after purchase) plaintiff testified that the roof still leaked, the brakes still squealed, and the rear end still had a "clunking" noise on acceleration.
The trial judge found the existence of numerous defects, the repair of which constituted more than ordinary maintenance. He concluded, however, that the defects were not such as to warrant rescinding the sale, and he ordered a reduction in the purchase price.
Although a plaintiff seeks redhibition, the judge may decree merely a reduction of the price. C.C. art. 2543. The problems in this case were principally in the nature of excessive and extraordinary maintenance rather than redhibitory defects. While the vehicle spent a considerable amount of time in repair shops, the defects did not render the automobile absolutely useless. While it is a closer question as to whether the defects rendered the car so imperfect that a reasonable buyer would not have purchased it had he known of the defects, *861 the overall circumstances support the trial judge's resolution, especially the nature of the defects and the long period of extensive usage prior to the rescission demand.
Amount of Reduction
The trial judge's $1,600.00 reduction in price was based in part on expenses in the amount of $619.15 expended by plaintiff for repairs determined to be more than ordinary maintenance. We first review the evidence on each item as to whether the repair constituted an item of ordinary maintenance or resulted from a latent defect which existed at the time of the sale, applying the standard of Jordan v. Travelers Ins. Co., 257 La. 995, 245 So.2d 151 (1971) that proof is sufficient to constitute a preponderance when the evidence, taken as a whole, shows that the fact or causation sought to be proved is more probable than not.
We find the testimony and invoices support an award of $56.69 for the numerous repairs of spark plug wires.[1] The $36.75 charge for replacement of the alternator regulator was supported by the uncontradicted testimony of plaintiff's mechanic that this problem was abnormal at 13,000 miles. A realignment charge of $11.23 should be disallowed, since it resulted from improper installation of the rear axle by another dealer and was not a repair of an original defect. The amount of $39.49, awarded for attempted correction of the "clunking" sound in the rear suspension, must be disallowed, as the costs itemized on the invoice indicate there was no charge for this service. The $100.00 awarded for power steering repairs in California must be reduced to $87.47, as the remainder of the charges itemized on the invoice are attributable to other parts or labor. The sum of $13.50 was reasonably proved as part of the repairs of the continuing steering problems.
As to the largest repair item, the cost of repairing the damage caused by failure of the axle bearing, defendant argues (1) that the bearing wore out beyond the manufacturer's guaranteed life and (2) that plaintiff continued operating the car after being warned by a noise from the worn bearing. On defendant's manager's admission that the bearings are sealed at the factory and rarely wear out at all, we conclude it is more probable than not that the bearing was defective at the time of the sale. As to the warning noise, plaintiff testified that while on a trip he stopped to have the noise checked and, although advised it was safe to proceed, turned around and went home. On a short business trip the next morning the noise occurred only sporadically before the wheel came off. Since plaintiff's action in this respect was reasonable, we conclude the cost of repairing this damage in the amount of $283.52 was properly allowed. However, the amount of $37.97 for the cost of a taxicab and a rented car during the course of repairs was not part of the repair costs, although these items could be considered by the trier of fact in arriving at a discretionary award for total reduction of the sales price, which is next discussed.
In setting the total reduction in price at $1,600.00, the trial judge took into consideration not only the cost of repairs, but also the uncured defects, the inconvenience associated with the numerous breakdowns, and the general poor performance of the new autmobile. Defendant argues in this court that the cost of repairs is the proper measure of the reduction in price authorized by C.C. arts. 2541-2544.
When a judge orders reduction of the sale price, one of the principal elements in formulating the award is the cost of repairing the defects which existed at the time of the sale. The cost of repairs, however, is not necessarily the sole measure of the diminution of value resulting from these defects. If the defects are few in number and quickly and simply remedied, *862 the cost of repair may well be the only consideration. But when the defects are numerous and the repairs lengthy and frequent, then a greater reduction is warranted, because a forewarned buyer would not reasonably pay the full price, reduced only by the cost of repairs, if he knew the extensive repairs of the defects would significantly curtail his use and cause him considerable inconvenience and aggravation. The diminution which the trial judge may decree under C.C. art. 2543 is theoretically the difference between the sale price and the price the reasonable buyer and seller would have agreed upon if they had known of the defects.
To prove the theoretical price to which the actual sale price should be reduced, a plaintiff attempts to establish the fair value as of the time of the sale, if the defects had been known. Evidence as to this theoretical value may consist of expert opinion testimony, of costs expended to place the thing in sound condition, or of other facts bearing on the reduced price a forewarned buyer would have paid and a seller with knowledge of the defects would have accepted. But in the final analysis the trier of fact cannot mathematically calculate what price the parties would have agreed to, if they had known of the defects; the trier must consider the overall evidence and, using limited discretion, must set a reduced sale price which fictionally represents the fair value at the time of sale.
In the present case the parties, by agreeing upon a sale price, set the value of a 1971 Corvette free from defects. Reduction of the sale price to the fair value of that car at the time of the sale, had both parties known of the defects which later appeared, involves multiple considerations. We conclude that the trial judge, in making this determination, properly considered the numerous problems, the frequent inconvenience associated with breakdowns and repairs of these problems, and the overall poor performance in relation to that expected of Chevrolet's highest priced car. We conclude, however, that the trial judge exceeded discretionary limits in ordering a reduction of almost $1,000.00 over the repair costs. This reduction would suppose that if both parties had known of the defects and the seller had agreed to pay for all repairs attributable to defects existing at the time of sale, the buyer and seller still would have agreed on a reduction in price of almost 20%.
Our review of the record suggests that a reduction of this extent would not have been agreed upon by a reasonable buyer and a reasonable seller, both fully informed of all facts. For the problems in this case, we conclude that the parties would reasonably have agreed upon a reduction on the order of $300.00 to $400.00, in addition to the dealer being responsible for the cost of repairing the defects, which here amount to $477.93 (in excess of those repairs performed by the dealer at no cost to plaintiff).
Relying upon Tauzin v. Sam Broussard Plymouth, Inc., 283 So.2d 266 (La.App. 3rd Cir. 1973), and Aiken v. Moran Motor Co., Inc., 165 So.2d 662 (La.App. 1st Cir. 1964), defendant argues that no award can be made for embarrassment, mental anguish, inconvenience, and annoyance, unless these items can be translated into a calculable pecuniary loss. In those cases the court found the seller knew of the vice in the automobile and failed to declare it and accordingly awarded damages and attorney's fees, but limited damages to the actual pecuniary loss proved. The court thus refused to allow damages for inconvenience and annoyance, but the damages and attorney's fees awarded were amounts in addition to a reduction in the sale price in the Tauzin case and a return of the full sale price in the Aiken case.
Insofar as the Tauzin case approved of a reduction in price based on the judge's discretion appropriate to the situation, that decision supports the reduction ordered in the present case. The defendant in the *863 Tauzin case sold a wrecked automobile as a new car and had already expended the cost of repairs. Nevertheless, the court made a discretionary award of an additional sum in excess of the cost of repairs to reflect the lesser amount of the fair value at the time of sale.
The separate award in the Tauzin case of damages and attorney's fees against a bad faith seller is not pertinent here, where there was no proof that the defendant actually knew of the defects or could have discovered them by reasonable inspection.
For these reasons, the judgment of the trial court is amended to reduce the amount of the award to $800.00. As amended the judgment is affirmed.
Amended and affirmed.
SCHOTT, J., dissents in part and assigns reasons.
SCHOTT, Judge (dissenting in part).
I dissent from that portion of the majority opinion which allows plaintiff recovery in excess of $477.93.
The trial judge awarded $619.15 for amounts expended by plaintiff for repairs over and above ordinary maintenance After he itemized these repairs he said the following in his reasons for judgment:
"The Court believes there are other uncured defects such as the leaks in the roof and, the "clink" in the rear. These together with the inconvenience associated with the numerous breakdowns and poor performance must also be reflected in the diminution of the price."
The trial judge then added a figure of $980.85 so as to round off the judgment at $1600.00. It is this figure of $980.85 reduced by my colleagues to $322.07, which provokes my dissent.
The majority approves of this award on the basis of LSA-C.C. Art. 2543 which provides as follows:
"The purchaser who has contented himself with demanding a reduction of the price, cannot afterwards maintain the redhibitory action.
"But in a redhibitory suit, the judge may decree merely a reduction of the price."
The theory is that plaintiff is entitled under this article to recover a diminution of the price he paid for the automobile based upon the automobile's reduced value under the circumstances where it was replete with defects necessitating extensive repairs and attendant inconvenience. While I agree that this theory is valid and that Art. 2543 together with Art. 2542 provides a legal basis for the plaintiff to obtain a diminution of the purchase price under the circumstances of this case, I do not believe that the plaintiff carried the burden of proving how much he was entitled to recover and for that reason I would disallow the item under consideration.
The majority does not require any evidence to support the amount of the award. It is stated in the opinion that evidence of such amount may consist of expert opinion, but that in the final analysis the trial judge cannot mathematically calculate this figure and must therefore set the same using "limited discretion." But plaintiff produced no expert opinion at all, nor any other evidence so that the trial judge's "limited discretion" was really without limit.
In Coco v. Mack Motor Truck Corp., 235 La. 1095, 106 So.2d 691, it is said that in actions in quanti minoris "like other civil matters, it is the duty of the plaintiff to prove with reasonable certainty the amount to which the price should be reduced."
In Tauzin v. Sam Broussard Plymouth, Inc., La.App., 283 So.2d 266, the Court held that the purchaser of an automobile was entitled to a reduction of the price because the car had been represented as sound when in fact it had been wrecked prior to the sale. While the Court held that the trial judge had some discretion in *864 making the award and concluded that he did not abuse such discretion the opinion shows that at least two expert witnesses testified at that trial and provided a basis for the judge to exercise such discretion.
In the instant case there is not one scintilla of evidence to support the amount of an award to compensate plaintiff for the theoretical difference in the value of the car he though he was buying and the one that he actually bought. Significantly, he makes a recovery after he has driven the automobile over 48,000 miles in 26 months.
The effect of the majority opinion is to pull a figure out of the air without any basis in evidence whatsoever. The purchaser was made whole for those repairs which the Court found were properly charged to the defendant. A logical extension of this case would be that any automobile buyer who drives his automobile over a long period of time and for a considerable distance and who can show that the automobile was repaired at some frequency during the period, regardless of the fact that the seller might have furnished such repairs at no cost to the buyer, may recover any amount which a court might think appropriate in the exercise of discretion. This places the burden of proof on the wrong side. It requires a defendant vendor to disprove amounts which are totally unknown to him and relieves the plaintiff of a burden which is rightfully his.
I respectfully dissent.

ON APPLICATION FOR REHEARING
PER CURIAM.
On application for rehearing, defendant points out that we omitted assessment of court costs in the original opinion.
Accordingly, it is ordered that the court costs in connection with this appeal be equally divided between plaintiff and defendant. In all other respects, the application is denied.
Application denied.
NOTES
[1] The $$96.69 award resulted from an error in addition.