MILLER, Judge
(dissenting).
Peoples Furniture has used Friedrichs’ air conditioner for more than two years. The sale has been rescinded not because the unit was defective, but because Fried-richs and Hicks declared to Peoples Furniture that the unit, which was unrated at the time, was a twenty ton unit when, in fact, it was later rated at sixteen tons.
This suit resulted when the store owned by Peoples Furniture was not adequately cooled after the Friedrichs’ air conditioning unit was installed. Peoples Furniture understood the Friedrichs’ unit alone was not adequate to cool the furniture store. Fleming’s testimony to that effect was quoted at 326 So.2d 924. In written reasons, the trial court held as a fact that Friedrichs’ representative . . recommended a canopy be erected on the front of the building to shade (the open glass front in) that area, and suggested that the ceiling be lowered and insulated.” These changes were not undertaken, and according to the record, this wasn’t done because it was too costly to Peoples Furniture. Tr. 52, 3. It is ironic that Peoples Furniture’s refusal to make these improvements and its refusal to maintain and operate its other four air conditioners leads to a recovery of some $7000+ on a $4,734.32 purchase. This recovery is in addition to the use it had of Friedrichs’ sixteen ton air conditioner for more than three summers.
Furthermore, as noted in the dissent, 326 So.2d 919 at 924, Peoples Furniture knew the Friedrichs unit alone would not cool its building. Peoples Furniture was obliged to operate its other four air conditioning units, three of which were on top of the store and one out back. According to Hicks (Tr. 34, 5) only two of these four units were working, and maybe only one was working properly. The compressor was out of one of the remaining four units and the fan motor did not work in another.
The record leads me to conclude that 1) had Peoples Furniture maintained and used its other four air conditioners (and they do not contend Friedrichs’ unit replaced these units), and 2) had Peoples Furniture met what the trial court found to be the recommendations — placed an awning over the glass storefront, lowered the ceiling, and insulated the ceiling — then Peoples Furniture might have obtained adequate cooling. And the fact that Peoples Furniture was liquidating its business when it sought to rescind this sale might be relevant. I respectfully submit the equities of the situation require a different result.
The ultimate decision in this case does not rest on defects in the equipment. The defects in the equipment were promptly and satisfactorily repaired. When suit was filed and at trial the air conditioner was operating satisfactorily as rated. Tr. 58A. Peoples Furniture’s Fleming so testified at Tr. 44, and this was not contradicted by Wingo, the other owner of Peoples Furniture.
In a redhibitory action, the purchaser seeks rescission of the sale and a return of the purchase priee for one of two reasons —either because a defect in the thing sold renders it absolutely useless, or its use so inconvenient, that the buyer would not have purchased it had he known of the defect (LSA-C.C. art. 2520); or because a declaration was made by the seller (in bad faith, LSA-C.C. art. 2547, or in good faith LSA-C.C. art. 2529) that the thing had *322 some quality it did not have, and that quality was the principle motive for making the purchase. In either case, the court may decree merely a reduction in price if the evidence so warrants (LSA-C.C. art. 2543). Further, appellate courts are authorized to render a judgment which is just, legal, and proper upon the record on appeal (LSA-C.C.P. art. 2164).
LSA-C.C. art. 2529 was probably intended to widen the scope of the redhibitory action to include the case where the object sold lacked a certain quality the vendor had declared it to possess, even though the lack of such quality did not constitute a “vice or defect in the thing sold.” 42 Tul. L.Rev. 374 at 377.
In redhibitory actions, LSA-C.C. art. 2543 permits a decree granting a reduction of the price, if the circumstances of the case so warrant. In every redhibitory action if the evidence establishes only a partial failure of consideration, a reduction in the purchase price may be granted to the buyer. Wade v. McInnis-Peterson Chevrolet, Inc., 307 So.2d 798 at 802 (La.App. 1 Cir. 1975). See also Wolfe v. Henderson Ford, Inc., 277 So.2d 215 (La.App. 3 Cir. 1973); Tauzin v. Sam Broussard Plymouth, Inc., 283 So.2d 266 (La.App. 3 Cir. 1973); and Menville v. Stephens Chevrolet, Inc., 300 So.2d 858 (La.App. 4 Cir. 1974).
Although the reduction in price in these cases was decreed by the trial court and affirmed on appeal, the law is applicable here and we have authority to amend the trial court judgment under LSA-C.C.P. art. 2164.
For the reasons assigned here and in the dissent, 326 So.2d at 924, I would grant a reduction in the purchase price as permitted by LSA-C.C. art. 2543 together with attorney’s fees as permitted by LSA-C.C. art. 2547.
I respectfully dissent.