424 So.2d 1116 (1982)
Dale C. GRIFFIN and Peggy Griffin
v.
COLEMAN OLDSMOBILE, INC., d/b/a Coleman RV Center, et al.
No. 82 CA 0228.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
*1117 Jeri Ann H. Flynn, Baton Rouge, for plaintiffs-appellees Dale C. Griffin and Peggy Griffin.
Carey J. Guglielmo, Baton Rouge, for defendant-appellant Chrysler Corp.
John R. Keogh, Baton Rouge, for defendant-appellee Fleetwood Motor Homes of Indiana, Inc.
Robert L. Kleinpeter, Baton Rouge, for defendant-appellant Coleman Oldsmobile, Inc., d/b/a Coleman RV Center.
Before PONDER, SAVOIE and ELLIS, JJ.
SAVOIE, Judge.
Dale and Peggy Griffin brought this suit in redhibition against Coleman Oldsmobile, Inc., Fleetwood Motor Homes of Indiana, Inc., and the Chrysler Corporation. These defendants were the seller, manufacturer of the coach and manufacturer of the chassis of the recreational vehicle, respectively.
The trial court determined that each of the defendants was liable in quanti minoris for the defects.[1] This determination was based on the court findings that some of the defects were outstanding at the time of the motor home's manufacture and that the dealers were tardy in curing the defects. Accordingly, the lower court awarded $3,000 in damages. Further, it awarded plaintiffs $1,000 in attorney's fees against the defendants. Thereafter, the portion of the judgment holding Coleman liable for attorney's fees was stricken. The court denied any offset for use and depreciation, and dismissed all third party demands.[2]
Each defendant appealed. Subsequently, Fleetwood and Chrysler were dismissed upon joint motions of the parties. As a result, the only issues before the court are those presented by Coleman, to-wit:
1. The trial court erred in granting relief in a redhibitory action inasmuch as all defects had been corrected prior to suit.
2. The trial court erred in awarding $3,000 in damages because there was no evidence of the cost of the repairs or to repair. Further, there was no proof of the value of the vehicle in the condition in which it existed at the time suit was instituted or at trial.
3. The trial court erred in refusing indemnification to Coleman against Fleetwood.
The record supports the trial court's conclusions that a reduction in price was warranted and that the defendants were equally liable therefor. Further, there is no showing that the trial court abused its discretion in setting the award. We affirm.
On November 2, 1979, the Griffins purchased a motor home from Coleman for $17,278.00. The evidence reflects that at the time of sale, the Griffins pointed out several defects which Coleman agreed to fix and did not. Shortly after purchase, the vehicle was beset with a myriad of defects, including problems with the air conditioner, leaks from the roof vents, overheating, and various other items. The unit was never in for repairs for less than a week and was usually kept for two weeks. On the last occasion, because of Fleetwood's error in sending a roof panel, the motor home was retained more than three months. It was *1118 not until after suit was filed that this part was installed.

ASSIGNMENT OF ERROR NO. 1
Coleman contends that the trial court erred in granting relief because all the defects were corrected prior to suit.
Upon an inspection of the motor home in question, the trial court found that most of cosmetic problems with the interior of the coach had been cured, and it concluded that the evidence established that the overheating problem had been corrected. However, the trial court also found that roof panel repairs were not made until after suit was filed. Therefore, Coleman's assertion that all the defects had been corrected prior to suit is without merit. (Emphasis added).
With respect to this assignment of error, Coleman argues additionally that an action in redhibition must be based on vices or defects which existed at the time of sale and, therefore, vices which occur at some later date cannot form the basis of an action in redhibition.
It is true that the buyer who institutes the redhibitory action must prove that the vice existed before the sale was made to him. C.C. art. 2530. Further, a defect is presumed to have existed before the sale if it manifests itself within three days immediately following the sale. C.C. art. 2530. Later appearing defects do not enjoy that status as a matter of law. However, our jurisprudence has provided that, in the absence of other explanations, later appearing defects may be inferred to have pre-existed the sale, when such defects do not usually result from ordinary use. Perrin v. Read Imports, Inc., 359 So.2d 738, 739 (La.App. 4th Cir.1978). See also Moreno's, Inc. v. Lake Charles Catholic High Schools, Inc., 315 So.2d 660 (La.1975); Ball v. Ford Motor Company, 407 So.2d 777 (La.App. 1st Cir. 1981). This contention is also without merit.

ASSIGNMENT OF ERROR NO. 2
Coleman argues that the trial court erred in awarding $3,000 in damages because there was no evidence of the cost of repair or to repair. Further, Coleman claims there was no proof of the value of the vehicle in the condition in which it existed at either the time suit was instituted or at trial.
The reduction in price which the trial court may decree under C.C. art. 2541, et seq. is the difference between the sale price and the price a reasonable buyer and seller would have agreed upon if they had known of the defects. Ball, supra; Menville v. Stephens Chevrolet, Inc., 300 So.2d 858 (La. App. 4th Cir.1974), writ denied, 303 So.2d 186 (La.1974). One of the principal elements in formulating the reduction of the sale price is the cost of the repairs. However, a greater reduction is warranted when the defects are numerous and the repairs lengthy and frequent. This is so because a forewarned buyer would not reasonably pay the full price, reduced only by the cost of the repairs, if he knew the extensive repairs of the defects would significantly curtail his use and cause him considerable inconvenience and aggravation. Menville, supra.
The trial court relied specifically on Menville, supra in determining the amount of the award. It concluded that not only was there an inordinate number of defects but that those responsible under the warranties (Coleman and Chapman Dodge) kept the unit for excessive periods of time for relatively simple repairs. Particularly, it noted that the unit was kept for three months and suit instituted before the roof panels were installed. The lower court also pointed out the numerous times the unit was brought in for repairs and the inconvenience resulting therefrom.
Coleman has failed to demonstrate that the trial court abused its discretion in setting this award. In the absence of such a showing, the trial court's award should be upheld.

ASSIGNMENT OF ERROR NO. 3
Coleman contends that the trial court erred in refusing Coleman indemnification against Fleetwood.
*1119 C.C. Art. 2531 provides that when the seller is held liable because of redhibitory defects in the thing sold, he shall have a corresponding and similar right to action against the manufacturer of the thing for any losses sustained by him. However, this right to claim indemnity has been tempered somewhat by the jurisprudence.
Indemnification has been denied when the dealer has made no serious effort to correct the defects or call upon the manufacturer for assistance. Bagwell v. Coleman Oldsmobile, Inc., 391 So.2d 1260 (La. App. 1st Cir.1980). Also, it has been denied on the basis of the dealer's tardiness in repairing the vehicle and notifying the owner of the progress of the repairs, even though the defects arose at the time of and were attributable to the manufacturer. Lehn v. Clearview Dodge Sales, Inc., 400 So.2d 317 (La.App. 4th Cir.1981), writ denied, 406 So.2d 608 (La.1981).
The trial court noted specifically that Coleman was dilatory in repairing the Griffins' motor home. Further, the trial judge concluded that Coleman was "equally liable" with the manufacturers for damages in quanti minoris. These are factual findings of the court and should not be disturbed by the appellate court absent a showing of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), rehearing denied, January 26, 1979. We find no such error. Therefore, Coleman is not entitled to indemnification.
For the foregoing reasons, the judgment of the trial court is affirmed. Appellant is to pay all costs of this appeal.
AFFIRMED.
NOTES
[1] The trial court held the defendants liable under the theory of quanti minoris. Under C.C. 2544 an action for reduction of the price is subject to the same rules and to the same limitations as the redhibitory action.
[2] As a result of plaintiffs' allegations, Coleman filed a third-party demand against Chrysler and Fleetwood. In turn, Fleetwood third-partied Coleman and Chrysler.